[Cite as *State v. Smith*, 2014-Ohio-1119.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY**

STATE OF OHIO

       Plaintiff-Appellee

v.

JAMES SMITH

       Defendant-Appellant

Appellate Case No. 25733

Trial Court Case No. 2004-CR-3060

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JAMES SMITH, Inmate #497-893, M.A.C.I., P.O. Box 740, London, Ohio 43140
       Defendant-Appellant-pro se

. . . . . . . . . . . . .

WRIGHT, J., sitting by assignment.

{¶ 1}   Appellant, James Smith, appeals from the judgment of the Montgomery County Court of Common Pleas.   Smith was convicted in 2005 of one count of rape and one count of aggravated burglary.   As the basis of his appeal, he claims he was convicted and sentenced on an indictment that was dismissed.   For the following reasons, we affirm.

{¶ 2}   On September 27, 2004, a grand jury indicted Smith for aggravated burglary and rape.   On February 25, 2005, the grand jury re-indicted Smith for the same aggravated burglary and rape offenses, and indicted Smith for the additional offense of possession of cocaine.   One month later, the trial court dismissed the September 27, 2004 indictment only.   The cocaine charge was severed and Smith proceeded to trial on the aggravated burglary and rape offenses.   He was found guilty of both rape and aggravated burglary on March 18, 2005.   In April of 2005, he was sentenced to a nine-year prison term for the aggravated burglary and a consecutive eight-year prison term for the rape.   The cocaine charge was later dismissed.

{¶ 3}   In 2011, Smith moved for a final appealable order and for his sentence to be vacated.   Part of that motion alleged that the means of conviction (i.e. whether he was convicted by a judge or jury) was not specified in the sentencing entry.   The state agreed that the means of conviction did not comply with Crim.R. 32(C).   On October 24, 2011, the trial court filed a nunc pro tunc termination entry clarifying that a jury convicted Smith of the rape and aggravated burglary offenses.   The rest of Smith's motion was otherwise denied.   A year later Smith filed a motion for a new trial on the basis that he was denied his right to have effective assistance of counsel, because he was convicted on an indictment that was dismissed.   The trial court denied the motion.   This appeal followed.

{¶ 4} As his sole assignment of error, Smith alleges that: "James E. Smith was not afforded his constitutional rights and was denied due process by his first indictment being nolle and journalize, and reindictment (sic) being withdrawn, it was not a final appealable order, his sentence and conviction is void and lack subject matter juridiction (sic)."

{¶ 5} We review trial court decisions denying leave to file for a new trial for an abuse of discretion. *State v. Risden*, 2d Dist. Montgomery No. 25234, 2013-Ohio-1823, ¶ 11. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark App. No. 09-CA-54, 2010-Ohio-1900, ¶ 62.

{¶ 6} Crim.R. 33(A) specifies that a new trial may not be granted unless one of the enumerated grounds is met. Although Smith has not specified which ground he is basing his motion on, it appears he is claiming that his conviction was contrary to law. *See* Crim.R. 33(A)(4). Within his application for a new trial and on appeal Smith's entire argument is based upon the assertion that he was convicted on an indictment that was dismissed. This was simply not the case. The 2005 re-indictment was not dismissed and he was convicted on that indictment. The sole assignment of error is therefore without merit.

{¶ 7} For the reasons discussed above, the judgment of the Montgomery County Court of Common Pleas is hereby affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and FAIN, J. concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
James Smith
Hon. Dennis J. Adkins