[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Smith v. Hall,* Slip Opinion No. 2016-Ohio-1052.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1052

THE STATE EX REL. SMITH, APPELLANT, *v.* HALL, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Smith v. Hall,* Slip Opinion No. 2016-Ohio-1052.]

*Prohibition—Claim that conviction was based on dismissed indictment held to be without merit due to relator's reindictment—Relator had adequate remedy in appeal—Writ denied.*

(No. 2015-0201—Submitted December 15, 2015—Decided March 17, 2016.)

APPEAL from the Court of Appeals for Montgomery County, No. 26386.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, James Smith, appeals from the decision of the Second District Court of Appeals dismissing his claim for a writ of prohibition against respondent-appellees, Judge Michael T. Hall and his successor, Judge

Dennis J. Adkins.[1]  Smith contends that Judge Hall lacked jurisdiction in his case because his conviction and sentencing arose from an indictment that had been dismissed by the court prior to trial.

**{¶ 2}** The court of appeals correctly held that Smith has no clear legal right to a writ of prohibition because he had, and used, adequate legal remedies in the ordinary course of the law.

**{¶ 3}** We affirm.

*Facts*

**{¶ 4}** In September 2004, James Smith was indicted in the Montgomery County Common Pleas Court on one count of aggravated burglary and one count of rape, in case No. 2004-CR-03060. In February 2005, he was reindicted on the same two counts, in addition to one count of cocaine possession, in case No. 2004-CR-03060-B.  The trial court then dismissed the September 2004 indictment. The cocaine charge was later severed for a separate trial.  In March 2005, a jury found Smith guilty of aggravated burglary and rape, and he was sentenced to an aggregate term of 17 years in prison.  This conviction has been appealed unsuccessfully, *see* 2d Dist. Montgomery No. 21058, 2006-Ohio-2365, and has been challenged in multiple actions for writs of habeas corpus and mandamus.

**{¶ 5}** In 2012, Smith filed a motion for a new trial, arguing that he was denied his right to effective assistance of counsel because he was convicted on a dismissed indictment. The trial court denied the motion, and Smith appealed to the Second District Court of Appeals. The Second District noted that the basis for his appeal—that he was convicted on a dismissed indictment—was without merit: "[t]his was simply not the case.  The 2005 re-indictment was not dismissed and he was convicted on that indictment." *State v. Smith*, 2d Dist. Montgomery No. 25733,

---

[1] Judge Hall left the common pleas court in 2011 when he was elected to the Second District Court of Appeals.  His appointed successor, Judge Dennis J. Adkins, is also named as a respondent.

2014-Ohio-1119, ¶ 6. Smith appealed, but we declined review. *State v. Smith*, 139 Ohio St.3d 1420, 2014-Ohio-2487, 10 N.E.3d 739.

**{¶ 6}** Smith filed this original action in the Second District Court of Appeals in September 2014, seeking a writ of prohibition against Judges Hall and Adkins. In his complaint Smith reiterated his claim that he had been convicted and sentenced on a dismissed indictment. The Second District determined that because Smith was using prohibition as a substitute for appeal to correct an allegedly erroneous trial court result, a writ of prohibition was not appropriate. The court of appeals also held that because Smith was seeking release from prison, habeas corpus rather than prohibition was the appropriate action.

*Analysis*

**{¶ 7}** To be entitled to a writ of prohibition, Smith must establish that (1) Judge Hall or Judge Adkins is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18. The last two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**{¶ 8}** The court of appeals was correct in finding that Smith is not entitled to a writ of prohibition. " '[P]rohibition will [not] issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law.' " *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, 985 N.E.2d 453, ¶ 2, quoting *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. An appeal is considered an adequate remedy that will preclude a writ of prohibition. "Unless a relator establishes a patent and unambiguous lack of jurisdiction, extraordinary relief in prohibition * * * will not issue, because the

relator has an adequate remedy by appeal." *Id.*, citing *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 10.

{¶ 9} Smith asserts that the trial court did not have subject-matter jurisdiction because the indictment from the original case, case No. 2004-CR-03060, was dismissed. Smith argues that the "nolle indictment" causes his conviction and sentence to become "invalid and void."

{¶ 10} Smith's claim fails for two reasons. First, Smith's argument that he was convicted on a dismissed indictment is wrong because he was reindicted. Smith was lawfully convicted and sentenced under the second indictment, and Judge Hall had the jurisdiction to try him under that indictment.

{¶ 11} Second, his claim could have been brought up on direct appeal, and this specific claim was in fact considered and rejected in an appeal to the Second District of the denial of his motion for a new trial. 2014-Ohio-1119, ¶ 6. Smith had adequate remedies in the ordinary course of the law.

*Conclusion*

{¶ 12} Because Smith has adequate remedies in the ordinary course of the law, we affirm the court of appeals' dismissal of his complaint for a writ of prohibition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

James Smith, pro se.

Michael DeWine, Attorney General, and Tiffany L. Carwile and Sarah E. Pierce, Assistant Attorneys General, for appellee Judge Michael T. Hall.

_____