[Cite as *Bank of New York Mellon v. Chrzan*, 2018-Ohio-508.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE BANK OF NEW YORK MELLON | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Respondent | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CA 48 |
| SYBIL CHRZAN | |
| | |
| Petitioner | O P I N I O N |


CHARACTER OF PROCEEDING:        Verified Petition for Writ of Prohibition (or)
                                Mandamus (or) Supersedeas


JUDGMENT:                       Dismissed


DATE OF JUDGMENT ENTRY:         February 8, 2018


APPEARANCES:

For Respondent                  For Petitioner

NO APPEARANCE                   SYBIL CHRZAN
                                PRO SE
                                9186 Indian Mount Ct.
                                Pickerington, Ohio  43147

*Wise, P. J.*

{¶1} Petitioner, Sybil Chrzan, has filed a Petition for Writ of Prohibition and/or Writ of Mandamus. Petitioner has named the Bank of New York Mellon as the Respondent.

## FACTS

{¶2} Respondent, Bank of New York Mellon, obtained a judgment against Petitioner and a decree in foreclosure on June 16, 2014. On August 22, 2014, Respondent withdrew its request for sheriff sale. The trial court docket reveals the sheriff sale was set and cancelled several times through the next few years. No appeal was taken of the trial court's judgment against Petitioner.

## PROHIBITION

{¶3} In order for a writ of prohibition to issue, petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. *State ex rel. Daniels v. Harris* 2008 WL 5197131, 1 (Ohio App. 5 Dist.).

{¶4} The named Respondent in this case is the Bank of New York Mellon. A writ of prohibition is used to limit judicial authority. The Bank of New York Mellon does not

have judicial authority, therefore, prohibition cannot lie to prevent the Bank of New York Mellon from acting.

MANDAMUS

**{¶5}** "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007–G–2776, 2008–Ohio–1028, ¶31.

**{¶6}** With regard to Petitioner's mandamus claim, Petitioner has also failed to name a proper respondent. The petition is difficult to understand, but it appears Petitioner's only claim is that the trial court lacked jurisdiction because Petitioner claims the underlying lawsuit was removed to federal court and was never remanded to the trial court. It is the action of the trial court that is being addressed in the petition, but the trial court was not named as a respondent.

**{¶7}** Petitioner has included a photocopy of a portion of the federal court's online docket. From the docket, Petitioner's "removal" was filed on June 29, 2017. Four days later, the federal court dismissed the federal "action sua sponte pursuant to 28 U.S.C. §1915(e)(2) and the Rooker-Feldman Doctrine."

**{¶8}** The Rooker-Feldman Doctrine essentially prohibits a federal court from reviewing a state court judgment, "Under this doctrine, a federal district court challenge to the correctness of a state court judgment must be dismissed for lack of subject matter jurisdiction." *Voinovich v. Ferguson*, 63 Ohio St.3d 198, 210, 586 N.E.2d 1020, 1028–29 (1992) quoting *Lemon v. Tucker*, 664 F.Supp. 1143, 1148 (N.D.Ill.1987).

{¶9} Contrary to Petitioner's contention, the federal court found it lacked jurisdiction over the action filed by Petitioner. The federal court did not dismiss the state court case as petitioner contends. Petitioner cites no authority for the proposition that merely attempting to remove a case to federal court divests the state court of jurisdiction indefinitely absent a remand from the federal court.

{¶10} Because Petitioner has failed to name a proper respondent and because Petitioner has not demonstrated the necessary elements for the issuance of a writ of prohibition or writ of mandamus, the petition is dismissed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0201