[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Allen v. Goulding,* Slip Opinion No. 2019-Ohio-858.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-858

THE STATE EX REL. ALLEN, APPELLANT, *v.* GOULDING, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Allen v. Goulding,* Slip Opinion No. 2019-Ohio-858.]

*Mandamus—Relator's failure to show a clear legal right to the requested relief precludes issuance of a writ of mandamus—The inclusion of an incorrect date in a sentencing entry is a clerical error, not an error in sentencing—Inclusion of a clause improperly imposing postrelease control in a sentencing entry, which was deleted in a nunc pro tunc, entry, does not render sentencing entry void—Dismissal of petition for writ affirmed.*

(No. 2018-0685—Submitted January 8, 2019—Decided March 14, 2019.)

APPEAL from the Court of Appeals for Lucas County, No. L-18-1075, 2018-Ohio-1821.

_____

**Per Curiam.**

{¶ 1} We affirm the Sixth District Court of Appeals' judgment sua sponte dismissing the petition of appellant, Ronald S. Allen Jr., for a writ of mandamus.

**Facts**

{¶ 2} In 1997, Allen was convicted of murder and was sentenced to 15 years to life. In 2011, Allen filed a motion in the trial court to correct the sentencing entry, arguing that the court had failed to state the manner in which he was convicted and had erroneously imposed postrelease control for a murder conviction. The trial court granted the motion in part and entered a nunc pro tunc entry including the manner of conviction and removing the postrelease-control sanction. *State v. Allen*, Lucas Cty. C.P. No. CR 97-2581, *3 (Mar. 11, 2011). Allen appealed to the Sixth District Court of Appeals, arguing that the sentencing entry still did not include the manner of conviction. *State v. Allen*, 6th Dist. Lucas No. L-11-1077, 2012-Ohio-3504. During the pendency of the appeal, the court of appeals remanded the case to the trial court to correct other errors in the sentencing entry.

{¶ 3} On August 24, 2011, the trial court issued another nunc pro tunc sentencing entry that included the manner of conviction and omitted the postrelease-control sanction. Although the original sentencing hearing occurred on October 31, 1997, the nunc pro tunc entry incorrectly stated that it occurred on August 23, 2011. The court of appeals affirmed. 2012-Ohio-3504 at ¶ 1.

{¶ 4} In 2018, Allen filed an original action for a writ of mandamus in the Sixth District Court of Appeals to compel appellee, Lucas County Common Pleas Judge Michael Goulding, to issue a corrected ruling on Allen's motion for a final, appealable order. The court of appeals sua sponte dismissed the petition, holding that the trial court had properly filed a nunc pro tunc entry to correct the Crim.R. 32(C) error of omitting the manner of conviction. 2018-Ohio-1821, ¶ 6. The court of appeals acknowledged that the nunc pro tunc entry misstated the date of the

sentencing hearing but concluded that it was not necessary to conduct a new sentencing hearing to correct a "scrivener's error." *Id*. at ¶ 8.

### Legal Analysis

{¶ 5} We affirm the court of appeals' judgment. To be entitled to a writ of mandamus, Allen must show a clear legal right to the requested relief, a clear legal duty on Judge Goulding's part to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. This court applies an abuse-of-discretion standard when reviewing a court of appeals' decision to dismiss a petition for a writ of mandamus. *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 10.

{¶ 6} A court "may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5. The court of appeals did not abuse its discretion in dismissing Allen's petition, because based on the facts alleged, Allen cannot show a clear legal right to a corrected entry or that Judge Goulding has a clear legal duty to correct the sentencing entry.

{¶ 7} In his first proposition of law, Allen argues that the trial court erred in imposing postrelease control for a murder conviction. To the extent Allen is challenging the August 24, 2011 nunc pro tunc entry, that entry does not provide for postrelease control. The trial court had removed that language in a prior nunc pro tunc entry. Thus, Allen appears to be arguing that the inclusion of the postrelease-control provision in the 1997 sentencing entry rendered that entry void and therefore that all subsequent corrections to the original sentencing entry were also void. Allen contends that he is entitled to a de novo sentencing hearing in open court.

**{¶ 8}** Allen relies on *State v. Beasley,* 14 Ohio St.3d 74, 471 N.E.2d 774 (1984), and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, for the proposition that a nunc pro tunc entry cannot be used to delete a provision imposing postrelease control, but his reliance is misplaced. In *Beasley*, a trial court resentenced Beasley to add a mandatory prison sentence, while in *Simpkins*, a trial court resentenced Simpkins to add postrelease control. *Beasley* at 75; *Simpkins* at ¶ 6. Those cases are inapposite, because here the trial court did not *add* a punishment to Allen's sentence but *deleted* a punishment—postrelease control.

**{¶ 9}** The fact that a punishment was deleted distinguishes this case from cases in which punishment was *added*, an act that necessitates a de novo resentencing hearing on the additional portion of the sentence. *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, *modified by State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. The failure to impose postrelease control does not render the *entire* sentence void. *Fischer* at ¶ 26. Only the portion of the sentence missing the sanction is void, and that portion of the sentencing entry is subject to correction in a sentencing hearing limited to the issue of postrelease control. *Id*. at ¶ 29; *see also State v. Ortiz*, 2016-Ohio-4813, 68 N.E.3d 188, ¶ 13 (7th Dist.) (trial court could properly delete an erroneous reference to postrelease control by a nunc pro tunc entry); *State v. Brister*, 5th Dist. Guernsey No. 13 CA 21, 2013-Ohio-5874, ¶ 19 (same).

**{¶ 10}** In his second proposition of law, Allen argues that the trial court's inclusion of the wrong date in the August 2011 nunc pro tunc entry is not merely a clerical error but is a sentencing error that requires a de novo hearing. In response, Judge Goulding argues that the trial court has continuing jurisdiction to correct clerical errors in judgments and that an error in a date may be corrected by means of a nunc pro tunc entry.

**{¶ 11}** Allen cites no law to support his argument that the inclusion of the wrong date is a sentencing error rather than simply a clerical error subject to correction under Crim.R. 36. Contrary to Allen's claims, an incorrect date is a clerical error because it is a mistake "apparent on the record, which does not involve a legal decision or judgment." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000).

**{¶ 12}** For the foregoing reasons, we hold that the court of appeals did not abuse its discretion when it sua sponte dismissed Allen's petition for a writ of mandamus. We affirm its judgment.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in judgment only.**

**{¶ 13}** Because Ronald Allen's mandamus action seeking to compel the trial court to issue a final, appealable order in his criminal case is barred by res judicata, I would not reach the merits of his claims. For this reason, I concur in judgment only.

**{¶ 14}** In 1997, the trial court sentenced Allen to 15 years to life in prison for murder, and the Sixth District Court of Appeals affirmed on direct appeal. *State v. Allen*, 6th Dist. Lucas No. L-97-1444, 1999 WL 146259, *1.

**{¶ 15}** In 2011, the trial court granted Allen's motion to correct his sentencing entry to include the manner of conviction but denied his request to remove a notice regarding postrelease control (the notice was superfluous because postrelease control did not attach to his murder conviction, *see* former R.C.

2929.19, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2593-2594). Allen appealed, and the appellate court remanded the case for the trial court to enter a judgment of conviction that comports with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. *See State v. Allen*, 6th Dist. Lucas No. L-11-1077, 2012-Ohio-3504, ¶ 7. The trial court complied, issuing a nunc pro tunc sentencing entry that included manner-of-conviction language. The court of appeals affirmed, concluding that the superfluous postrelease-control language did not amount to reversible error and the language in the nunc pro tunc entry complied with *Baker*. *Id*.

{¶ 16} Allen did not appeal to this court, and the court of appeals' decision that a final, appealable order had been issued is final. *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992), citing Article IV, Section 3(B)(3) of the Ohio Constitution.

{¶ 17} Nonetheless, Allen has filed various collateral attacks on his conviction and sentence. *State v. Allen*, 6th Dist. Lucas No. L-15-1191, 2016-Ohio-2666, ¶ 2 (citing cases). For example, he sought to relitigate the court of appeals' decision that he had received a final, appealable order in two motions filed in early 2017, but the trial court denied relief, and the court of appeals affirmed, holding that the motions were barred by res judicata. *State v. Allen*, 6th Dist. Lucas No. L-17-1085, 2017-Ohio-7976, ¶ 4, 19.

{¶ 18} And in this mandamus action filed in the Sixth District Court of Appeals, Allen sought "a corrected ruling" on his motion for a final, appealable order that complies with *Baker*. The court of appeals denied the writ.

{¶ 19} On appeal to this court, Allen reiterates his claim that he has never received a final, appealable order. The majority confronts his argument on the merits. That analysis is unnecessary and advisory, however, because Allen's action is barred by the doctrine of res judicata.

**{¶ 20}** Our recent decision in *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, is on point. There, the relator asserted that his sentencing entry was not a final, appealable order, because the judgment of conviction did not indicate the disposition of or sentence for a second charge. More than ten years after the relator's conviction, he moved to vacate his conviction, but the trial court denied the motion, and the court of appeals affirmed. He then sought relief in mandamus to vacate the conviction; the court of appeals denied relief, and this court affirmed, explaining that the court of appeals had previously decided that a final, appealable order had been issued so that the final judgment in the first proceeding foreclosed an attempt to relitigate the same issue in the writ action. *Peoples* at ¶ 14; *accord State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 14-15 (holding that a mandamus claim is barred by res judicata when the relator raised the same issues in a prior action).

**{¶ 21}** "We have routinely held that extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue." *LTV Steel Co.*, 64 Ohio St.3d at 249, 594 N.E.2d 616. This remains true even if a prior appeal was wrongly decided. *Peoples* at ¶ 11. A contrary holding would result in the endless relitigation of the sufficiency of sentencing entries, undermining the finality of all criminal judgments. *Id.* at ¶ 13.

**{¶ 22}** Accordingly, the court of appeals properly denied the request for a writ to compel "a corrected ruling" on a prior motion for a final, appealable order, and I concur in affirming that judgment.

DEWINE, J., concurs in the foregoing opinion.

———————————

Ronald S. Allen Jr., pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

———————————