[Cite as *State ex rel. Whitt v. Given*, 2020-Ohio-1351.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE EX REL. | : | Hon. William B. Hoffman, P.J. |
| STEPHEN H. WHITT | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. Earle E. Wise, Jr., J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2020CA0002 |
|  | : |  |
| JASON GIVEN, | : |  |
| PROSECUTOR OF COSHOCTON | : | OPINION |
| OHIO, |  |  |
| COSHOCTON COUNTY, OHIO, |  |  |
| AND STATE OF OHIO |  |  |

Respondents


CHARACTER OF PROCEEDING:          Writ of Mandamus and Prohibition


JUDGMENT:                         Dismissed


DATE OF JUDGMENT ENTRY:           April 3, 2020


APPEARANCES:

For Relator                       For Respondents

STEPHEN H. WHITT                  JASON W. GIVEN
#A629461                          Prosecuting Attorney
Chillocothe Correctional Institute  318 Chestnut Street
P.O.Box 5500                      Coshocton, OH 43812
15802 SR 104
North Chillicothe, OH 45601

*Gwin, J.,*

{¶1} On March 13, 2020, Stephen H. Whitt filed a Petition for a Writ of Mandamus and Prohibition against Jason Given, Coshocton County Prosecutor, and the state of Ohio. Although it is not entirely clear the relief Mr. Whitt requests, he concludes his Petition by stating: "I ask this court to impeach the testimony of [a witness] and grant this defendant the right to have a fair trial under the United States Constitution, Bill of Rights, and the Ohio Constitution * * *" [Petition, p. 10] Mr. Whitt bases this request on several grounds. First, at trial Mr. Whitt claims there was no evidence, witnesses, or proof to establish beyond a reasonable doubt where any of the crimes occurred and therefore, the trial court did not have jurisdiction over him. [*Id.*, pp. 2-3] Second, Mr. Whitt argues a witness admitted to lying to impede and hinder an investigation, and the prosecutor withheld this information until trial. [*Id.*, p. 4] But for these errors, Mr. Whitt concludes he would have been acquitted of all charges. [*Id.*, p. 7]

{¶2} In response, Prosecutor Given filed a memorandum opposing the Petition and requests dismissal. Although Prosecutor Given does not specifically reference Civ.R. 12(B)(6) in support of his request for dismissal, "[a] court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. Further, "[a] court 'may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Brooks v.*

*O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5.' " *State ex rel. Allen v. Goulding*, 156 Ohio St.3d 337, 2019-Ohio-858, 126 N.E.3d 1104, 1106, ¶ 6.

{¶3}    We grant Mr. Given's request for dismissal because Mr. Whitt cannot prove any set of facts entitling him to the requested relief. Mr. Whitt previously filed essentially the identical Petition for a Writ of Mandamus and Prohibition on February 14, 2020. *See State ex rel. Stephen H. Whitt v. Jason Givens (sic), Prosecutor of Coshocton Ohio, Coshocton County, Ohio & State of Ohio*, 5th Dist. Coshocton No. 2020CA0001, 2020-Ohio-750. [Hereinafter referred to as *Whitt I*]. In *Whitt I*, we sua sponte dismissed Mr. Whitt's Petition because he failed to comply with the procedural requirements for a mandamus/prohibition complaint as set forth in R.C. 2969.25. *Id.* at ¶¶ 2-6.

{¶4}    Although in his present Petition Mr. Whitt attached a statement setting forth the balance in his inmate account for the preceding six months, as required by R.C. 2969.25(C), he still has not complied with the mandates of section (A)(1)-(4) of the statute. These sections require an inmate to file an affidavit that contains a description of each civil action or appeal action the inmate filed in the previous five years in any state or federal court. Mr. Whitt failed to include *Whitt I* in his list of civil actions. Further, the statute requires not only that an inmate identify the civil actions, but there must also be included a brief description of the nature of the civil action or appeal; the case name and number, and the court in which the civil action or appeal was filed; the name of each party to the civil action or appeal; and the outcome of the civil action or appeal. R.C. 2969.25(A)(1)-(4).

{¶5}    Not one of the actions listed in Mr. Whitt's affidavit satisfies all of these statutory requirements. This reason alone serves as a basis to sua sponte dismiss Mr.

Whitt's Petition. *See State ex rel. Norris v. Giavasis*, 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, ¶¶ 2, 4 (Ohio Supreme Court affirmed sua sponte dismissal of writ of mandamus for failure to comply with R.C. 2969.25(A)).

{¶6} A second ground that supports dismissal of Mr. Whitt's Petition is the fact that to be entitled to mandamus relief, relator must show a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). A writ of mandamus commands "an inferior tribunal, a corporation, board, or person" to perform an act. R.C. 2731.01. Here, the state of Ohio is not a party identified in R.C. 2731.01 and therefore, is not under a clear legal duty to perform the acts requested by Mr. Whitt.

{¶7} Finally, a third ground that supports dismissal of Mr. Whitt's Petition requesting prohibition relief against Prosecutor Given and the state of Ohio is the fact that a writ of prohibition is used to limit judicial authority. In order for a writ of prohibition to issue, petitioner must prove that: (1) the trial court is about to exercise judicial authority; (2) the exercise of judicial authority is not authorized by law; and (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. (Citation omitted.) *State ex rel. Smith v. Hall,* 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 7. Here, the named respondents are the Coshocton County Prosecutor and the state of Ohio. Neither party is a judge or in any way acts in a judicial capacity. A writ of prohibition cannot lie to prevent the prosecutor or the state of Ohio from acting. *See*

*Bank of New York Mellon v. Chrzan*, 5th Dist. Fairfield No. 17 CA 48, 2018-Ohio-508, ¶¶ 3-4.

{¶8}     For the above reasons, we dismiss Mr. Whitt's Petition for a Writ of Mandamus and Prohibition.

{¶9}     The clerk of courts is hereby direct to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶10}   PETITION DISMISSED.

{¶11}   COSTS TO RELATOR.

{¶12}   IT IS SO ORDERED.


By Gwin, J.,

Hoffman, P.J., and

Wise, Earle, J., concur


WSG:clw 0327