[Cite as *State v. Hopings*, 2020-Ohio-2860.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-19-1112

      Appellee                                   Trial Court No. CR0200402116

v.

Lamonte Hopings                              **DECISION AND JUDGMENT**

      Appellant                                  Decided:  May 8, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Lamonte Hopings, pro se.

* * * * *

**MAYLE, J.**

## Introduction

{¶ 1} In 2005, the defendant-appellant, Lamonte Hopings, was convicted of

murder in the Lucas County Court of Common Pleas, and the trial court sentenced

Hopings to an aggregate term of 18 years to life.  At the sentencing hearing, the trial

court did not mention or impose postrelease control. The judgment entry, however, states that the defendant was notified of postrelease control at the hearing. In 2018, Hopings moved to vacate his sentence on the grounds that postrelease control had been wrongfully imposed. The trial court denied the motion but issued a nunc pro tunc order that corrected the sentencing entry. Hopings appealed. As set forth below, we affirm the lower court's judgment.

## Background

{¶ 2} Following a jury trial, Hopings was convicted of murder in violation of R.C. 2903.02(A), an unclassified felony, with a firearm specification. On March 31, 2005, the trial court sentenced Hopings to serve 15 years to life in prison plus a mandatory three years for the firearm specification, for a total prison term of 18 years to life. Hopings appealed, and his conviction and sentence were upheld. *State v. Hopings*, 6th Dist. Lucas No. L-05-1145, 2007-Ohio-450.

{¶ 3} On December 14, 2018, Hopings filed a motion to vacate his sentence, arguing that the trial court failed to advise him at his sentencing that postrelease control had been imposed. Attached to his motion were the sentencing transcript, which contains no reference to postrelease control, and the March 31, 2005 sentencing entry, which provides, "Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28." Hopings argued that "the mandatory notification * * * was not given [at sentencing]" and therefore, "the PRC portion of the sentence is void and must be vacated" at a resentencing hearing.

2.

{¶ 4} The state argued that "[b]ecause Hopings was convicted of an unclassified felony[,] * * * the post-release control statute does not apply." The state further argued that because the 2005 sentencing entry contained a mere "clerical mistake" (i.e., the mistaken reference to postrelease control), this error could be corrected through a nunc pro tunc entry.

{¶ 5} On May 6, 2019, the trial court issued a "Nunc Pro Tunc Judgment Entry," in which it struck the words "and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28" from the original sentencing entry. That same day, it ruled on Hopings' motion to vacate his sentence by separate entry. It found,

> Because Defendant was convicted of an unclassified felony for which he is ineligible for post-release control, the trial court was not required to, nor did it, provide oral notice of post-release control at his sentencing hearing. The original sentencing entry dated March 31, 2005 incorrectly referred to post-release control sanctions, although not given as evidenced by the transcript of proceedings, and inapplicable to Defendant Hopings. That original entry has since been rectified by way of a nunc pro tunc sentencing entry. Accordingly, the Defendant's Motion to Vacate Void Sentence is without merit.

{¶ 6} Hopings appealed, pro se, and raises two assignments of error for our review.

First Assignment of Error: The trial court erred in issuing a nunc pro tunc entry to correct a void judgment rather than hold a de novo re-sentencing as required by the legislative intent of 2929.191. The error admitted was clerical by definition set by the Ohio Supreme Court and this appellant's initial sentence was imposed before July II, 2006. Thus the trial court's error violated this appellant's constitutional right to the due process of law in the 5th and 14th amendments of the US Constitution as well as the equivalent Articles and Sections of the Ohio Constitution.

Second Assignment of Error: The trial court erred in constuing [sic] the PRC error emulating from the clerk's imposition of PRC into the sentencing entry without notification by the court as a clerical error and correcting the error by a nunc pro tunc entry when such an error is not clerical and is specifically barred by from use by the Ohio Supreme Court in Qualls and Cruzado. [sic] The trial court's improper use of a nunc pro tunc violates this appellant's constitutional right to the due process of law in the 5th and 14th amendments and the equivalent Articles and Sections of the Ohio Constitution.

**Analysis**

{¶ 7} In his first assignment of error, Hopings claims that he was entitled to a "de novo re-sentencing hearing" pursuant to R.C. 2929.191 ("Correction to judgment of conviction; post-release supervision"). In his second assignment of error, Hopings claims

4.

that the trial court erred by using a nunc pro tunc order to correct the sentencing entry. We address these assignments of error together.

{¶ 8} Hopings was sentenced for murder. Thus, the trial court did not err by failing to impose postrelease control at the sentencing hearing because murder is an unclassified felony to which postrelease control does not apply. *See* R.C. 2967.28; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36 (Aggravated murder is an unclassified felony and is not subject to postrelease control); *State v. Allen*, 6th Dist. Lucas No. L-14-1078, 2016-Ohio-2742, ¶ 29 (murder is an unclassified felony to which the postrelease control statute does not apply). *Accord State v. Silguero*, 10th Dist. Franklin No. 11AP-274, 2011-Ohio-6293, ¶ 8. Accordingly, given that Hopings was not subject to postrelease control, R.C. 2929.191—which "establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control," *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23, *overruled on other grounds as stated in State v. Cottrell*, 8th Dist. Cuyahoga No. 99142, 2013-Ohio-2912, ¶ 3—is inapplicable. That is, R.C. 2929.191 was enacted to provide "an avenue to correct post release control in certain situations such as where the sentencing entry conflicts with the oral pronouncement or where the term of post release control was omitted. The statute, however, does not address a scenario where the term of post release control was improperly included." *State v. Brister*, 5th Dist. Guernsey No. 04-CR-05, 2013-Ohio-5874, ¶ 16.

5.

{¶ 9} Moreover, the Supreme Court of Ohio has recognized that the improper inclusion of postrelease control in a judgment entry may be corrected without holding a de novo resentencing hearing. *State ex rel. Allen v. Goulding*, 156 Ohio St.3d 337, 2019-Ohio-858, 126 N.E.3d 1104. In *Allen*, the Supreme Court reasoned that "the trial court did not *add* a punishment to Allen's sentence but *deleted* a punishment – postrelease control. The fact that a punishment was deleted [via a nunc pro tunc entry] distinguishes this case from cases in which punishment was *added,* an act that necessitates a de novo resentencing hearing on the additional portion of the sentence." *Id.* at ¶ 8; *see also Brister* at ¶ 19 ("The trial court did not err in issuing a nunc pro tunc entry removing the improperly imposed term of post release control."); *Silguero* at ¶ 16 (an improper inclusion of postrelease control in sentencing entry "does not render appellant's entire sentence void, nor does it require a de novo sentencing hearing" because the trial court can simply remove the "superfluous post-release control language" with a subsequent entry).

{¶ 10} Here, the trial court merely deleted that portion of the sentencing entry that mistakenly stated that "Defendant given * * * post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28," which was not true. The defendant was not given a postrelease control notice at the sentencing hearing—which, as discussed, was unnecessary given that postrelease control is not applicable to Hopings' murder conviction. Under Crim.R. 36, "[a] trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so that the record speaks the

6.

truth." *Allen*, 6th Dist. Lucas No. L-14-1078, 2016-Ohio-2742, at ¶ 29. Moreover, such "[c]lerical mistakes in judgments * * * may be corrected by the court at any time." Crim.R. 36. We find that the trial court's use of a nunc pro tunc entry, which "simply deleted a postrelease-control provision that should not have been included in the initial sentence entry" was proper. *State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, 128 N.E.3d 222, ¶ 11.

{¶ 11} We therefore find Hopings' assignments of error not well-taken.

### Conclusion

{¶ 12} Hopings was not subject to postrelease control, and the reference to postrelease control in his 2005 sentencing entry was a clerical error that was correctable with the issuance of a nunc pro tunc judgment entry. Hopings is not entitled to a de novo sentencing hearing. Therefore, Hopings' first and second assignments of error are not well-taken, and the May 6, 2019 judgment of the Lucas County Court of Common Pleas is affirmed.

{¶ 13} Pursuant to App.R. 24, Hopings is hereby ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Arlene Singer, J.                          _____
                                                            JUDGE

Christine E. Mayle, J.

                                           _____
Gene A. Zmuda, P.J.                                         JUDGE
CONCUR.

                                           _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.