[Cite as *State ex rel. Whitt v. Evans*, 2020-Ohio-3570.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. STEPHEN H. WHITT, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| JUDGE RICHARD EVANS, | : | Case No. 2020CA0007 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Writ of Mandamus and Prohibition


JUDGMENT:            Dismissed


DATE OF JUDGMENT:            June 30, 2020


APPEARANCES:

For Relator                                      For Respondent

STEPHEN H. WHITT, Pro se            JASON GIVEN
#A629-461                                      Coshocton County Prosecutor
Chillicothe Correctional Institution      318 Chestnut Street
P.O. Box 5500                                Coshocton, Ohio 43812
Chillicothe, Ohio 45601

*Baldwin, J.*

**{¶1}** On June 23, 2020, Stephen H. Whitt filed a Writ of Mandamus and Prohibition against Judge Richard Evans. This is the third writ filed by Mr. Whitt in 2020. *See State ex rel. Stephen H. Whitt v. Jason Givens (sic), Prosecutor of Coshocton Ohio, Coshocton County, Ohio & State of Ohio*, 5th Dist. Coshocton No. 2020CA0001, 2020-Ohio-750 ("*Whitt* I") and *State ex rel. Stephen H. Whitt v. Jason Given, Prosecutor of Coshocton Ohio, Coshocton County, Ohio, and State of Ohio*, 5th Dist. Coshocton No. 2020CA0002, 2020-Ohio-1351 ("*Whitt* II").

**{¶2}** Mr. Whitt sets forth the following four grounds for mandamus/prohibition relief: (1) *Brady* violation occurred when the assistant prosecutor allegedly withheld from evidence, until the day of trial, that the victim lied to social workers, teachers, and law enforcement; (2) plain error occurred under Evid.R. 608(A), 609, 616(B), 613 and Crim.R. 52(B) because Mr. Whitt was denied the right to a fair trial due to the victim's alleged lies at trial; (3) this Court, in a previous decision, allegedly instructed the trial court to impose one sentence and not two; and (4) "[t]he reviewing court added a matter to the judgment and opinion, and the court did abused (sic) its discretion, and this made the courts (sic) attitude unreasonable arbitrary, and unconscionable, to make any kind of judgment * * *"

**{¶3}** We dismissed Mr. Whitt's prior original actions due to various deficiencies. However, some of these deficiencies are also present in the matter currently before the Court. First, Mr. Whitt named Judge Richard Evans as respondent. Judge Evans died in 2018 and therefore, is not a proper party to this action. In *State of Ohio ex rel. Faust v. Schmollinger*, 6th Dist. Lucas No. L-97-1126, 1997 WL 224973 (Apr. 25, 1997), the court of appeals faced a similar fact pattern where the named respondent in a writ of

procedendo was a judge who was no longer in office. *Id.* at *1. The court held: "[T]his court notes that: 1) Judge Mark Schmollinger is not currently in office and therefore has no authority to rule on relator's petition; and 2) the caption of the complaint fails to identify the proper parties as required by Civ.R. 10(A). Accordingly, this court finds that the complaint is defective on its face and *sua sponte* orders it dismissed at relator's cost." *Id. See also Emery v. Toledo Mun. Court*, 6th Dist. Lucas No. L-01-1350, 2001 WL 1005871, *1 (Aug. 27, 2001) ("Accordingly, insofar as the proper party or parties have not been identified or served with this petition, we *sua sponte* dismiss petitioner's petition for writ of mandamus or, alternatively, writ of prohibition.")

**{¶4}** Second, Mr. Whitt did not remedy an issue in his present writ that we addressed in *Whitt* II regarding his failure to comply with R.C. 2969.25(A). Sections (1) through (4) of R.C. 2969.25(A) require an inmate to file an affidavit that contains a description of each civil action or appeal action the inmate filed in the previous five years in any state or federal court. Mr. Whitt failed to include *Whitt* I in the list of prior civil actions identified in the present action. This deficiency also serves as an independent basis to sua sponte dismiss Mr. Whitt's Writ of Mandamus and Prohibition. *See State ex rel. Norris v. Giavasis*, 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, ¶¶ 2-4 (Ohio Supreme Court affirmed sua sponte dismissal of writ of mandamus for failure to comply with R.C. 2969.25(A)).

**{¶5}** Finally, a third ground that supports dismissal of Mr. Whitt's petition requesting prohibition relief is the fact that for a writ of prohibition to issue, petitioner must prove: (1) the trial court is about to exercise judicial authority; (2) the exercise of judicial authority is not authorized by law; and (3) the petitioner has no adequate remedy in the

ordinary course of law if a writ of prohibition is denied. (Citation omitted.) *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 7. Here, the named respondent is deceased and is not about to exercise judicial authority. Therefore, a writ of prohibition cannot lie.

**{¶6}** For the above reasons, we sua sponte dismiss Mr. Whitt's Writ of Mandamus and Prohibition.

**{¶7}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶8}** PETITION SUA SPONTE DISMISSED.

**{¶9}** COSTS TO RELATOR

**{¶10}** IT IS SO ORDERED.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.