[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dixon v. Bowerman,* Slip Opinion No. 2019-Ohio-716.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-716

THE STATE EX REL. DIXON, APPELLANT, *v.* BOWERMAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dixon v. Bowerman,* Slip Opinion No. 2019-Ohio-716.]

*Habeas corpus—Failure to properly file an affidavit of prior civil actions in compliance with R.C. 2969.25(A)—Court of appeals' dismissal of petition affirmed.*

(No. 2018-0621—Submitted January 8, 2019—Decided March 5, 2019.)

APPEAL from the Court of Appeals for Lucas County, No. L-18-1042.

_____

**Per Curiam.**

{¶ 1} Appellant, William Dixon, appeals the judgment of the Sixth District Court of Appeals dismissing his petition for a writ of habeas corpus against

appellee, Sean Bowerman,[1] warden of the Toledo Correctional Institution. We affirm the judgment.

**{¶ 2}** Dixon is serving an aggregate term of 21 years in prison for several 2006 criminal convictions. On March 6, 2018, he filed a petition for a writ of habeas corpus in the Sixth District Court of Appeals, asserting eight claims regarding (1) his trial, (2) the charging instrument, (3) his trial counsel, and (4) the prosecuting attorney. He attached an affidavit of verity to his petition and a number of exhibits.

**{¶ 3}** On March 13, 2018, the court of appeals dismissed Dixon's petition, among other reasons, because he had failed to file the affidavit of prior civil actions that is required by R.C. 2969.25(A). On April 9, 2018, the court of appeals denied Dixon's application for reconsideration.

**{¶ 4}** When filing a habeas corpus petition in a court of appeals, an inmate is statutorily required to attach an affidavit listing all federal and state civil actions or appeals of civil actions that he has filed in the previous five years. R.C. 2969.25(A). Noncompliance with this requirement is fatal and provides a sufficient basis for dismissing the petition. *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

**{¶ 5}** Dixon challenges the court of appeals' decision to dismiss his petition for noncompliance with R.C. 2969.25, asserting that he sufficiently complied with the statute by discussing his prior civil actions in the body of his petition and attaching an affidavit averring the truth of the contents of the petition. With respect to each civil action filed, R.C. 2969.25(A) requires that the inmate provide a brief description of the prior action; the case name, case number, and court in which the case was brought; the names of the parties to the case; the outcome of the case and,

---

1. This case was instituted against the previous warden of the Toledo Correctional Institution, John Coleman. Bowerman succeeded Coleman and has been automatically substituted as appellee in this case. S.Ct.Prac.R. 4.06(B); Civ.R. 25(D)(1).

depending on the outcome, the date of the final order. *See* R.C. 2969.25(A)(1) though (4). While Dixon's petition does refer to some of the prior civil actions that he has filed, those references fail to satisfy all the requirements of R.C. 2969.25(A). Therefore, the court of appeals correctly dismissed his petition on this basis.

{¶ 6} Dixon has filed several motions in this appeal. We deny as moot Dixon's motions to appoint counsel and a private investigator. Habeas actions filed in a court of appeals against government employees or entities are civil actions, R.C. 2969.21(B)(1)(a), and there is no right to counsel in a civil proceeding or a civil appeal unless a statute specifically provides for it. *State ex rel. McQueen v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 135 Ohio St.3d 291, 2013-Ohio-65, 986 N.E.2d 925, ¶ 9. And Dixon offers no authority in support of his request for a private investigator for the purpose of this extraordinary-writ appeal.

{¶ 7} We also deny Dixon's "motion to file brief and appendix A, B, C, D," which he filed two weeks after he had filed his merit brief. Dixon's request is an improper attempt to add material to the appellate record. *See* S.Ct.Prac.R. 15.01 (designating composition of the record on appeal).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

William Dixon, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____