[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Walsh*, Slip Opinion No. 2020-Ohio-769.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-769

THE STATE EX REL. WARE, APPELLANT, *v.* WALSH, PROS. ATTY., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Walsh*, Slip Opinion No. 2020-Ohio-769.]**

*Mandamus—Inmate failed to provide in affidavit listing prior civil actions information required by R.C. 2969.25(A)(4)—Court of appeals' dismissal of petition affirmed.*

(No. 2019-0772—Submitted December 10, 2019—Decided March 5, 2020.)

APPEAL from the Court of Appeals for Summit County, No. 29344.

_____

**Per Curiam.**

{¶ 1} In March 2019, appellant, Kimani Ware, a prison inmate, filed a complaint for a writ of mandamus in the Ninth District Court of Appeals alleging that Summit County Prosecuting Attorney Sherri Bevan Walsh failed to properly respond to a public-records request.  The Ninth District dismissed the complaint, determining that Ware had not complied with R.C. 2969.25(A).  Ware appealed to this court as of right.  We affirm.

**{¶ 2}** R.C. 2969.25(A) requires an inmate commencing a civil action against a government employee in a court of appeals to file an affidavit that contains "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." "[T]he statute requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6. Because it is undisputed that Ware is an inmate and that Walsh is a government employee, Ware was required to comply with R.C. 2969.25(A).

**{¶ 3}** With his complaint, Ware filed an affidavit listing six civil actions he had filed within the previous five years. The affidavit included information required under R.C. 2969.25(A)(1) through (3). But the Ninth District held that Ware did not comply with R.C. 2969.25(A)(4), which requires the inmate to describe

> [t]he outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

Although Ware's affidavit states that none of the listed actions was deemed by a court to be frivolous or malicious, it does not provide any information describing the outcome of the actions as required under R.C. 2969.25(A)(4).

**{¶ 4}** "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall*

2

*v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. Because Ware did not strictly comply with the statute, the court of appeals correctly dismissed Ware's complaint.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Kimani Ware, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____