[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-4788.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4788

THE STATE EX REL. RUSSELL, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-4788.]

*Mandamus—Inmate failed to comply with filing requirements of R.C. 2969.25(A)—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0386—Submitted August 4, 2020—Decided October 8, 2020.)

APPEAL from the Court of Appeals for Pickaway County, No. 19CA39.

_____

**Per Curiam.**

{¶ 1} Appellant, Mark R. Russell, a prison inmate, filed a petition for a writ of mandamus seeking to compel appellee, Ohio Department of Rehabilitation and Correction ("DRC"), to conduct a hearing concerning an alleged use-of-force incident. The petition was dismissed because Russell did not comply with R.C. 2969.25(A), which requires an inmate commencing a civil action in the court of

appeals against a government entity to file an affidavit that contains "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." We affirm.

**Background**

{¶ 2} Russell initially filed his petition in the Tenth District Court of Appeals, alleging that he had suffered severe burns and temporary blindness when a prison officer used a chemical spray on him while he was incarcerated at the Pickaway Correctional Institution. Russell sought a writ of mandamus to compel DRC to hold a hearing concerning the alleged incident.

{¶ 3} DRC moved to dismiss the petition, first arguing that the Tenth District lacked jurisdiction over Russell's petition because the Pickaway Correctional Institution is not located within the court's territorial boundaries. DRC also argued that Russell had failed to set forth in his affidavit of indigency the balance of his inmate account for each of the preceding six months, as required by R.C. 2969.25(C). The Tenth District rejected DRC's challenge to the court's jurisdiction but held that venue was more appropriate in the court of appeals for the county in which the alleged incident occurred. *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4947, 149 N.E.3d 1064 (10th Dist.). The Tenth District therefore transferred the case to the Fourth District Court of Appeals.

{¶ 4} On receiving the case, the Fourth District ordered DRC to file a response to Russell's petition. DRC filed another motion to dismiss, this time arguing that Russell has no clear legal right to a hearing and that he had failed to adequately describe the civil actions he had filed in the previous five years, as required by R.C. 2969.25(A). In opposing DRC's motion, Russell argued that DRC should not be allowed to present new arguments that it did not make in the motion to dismiss filed in the Tenth District. But Russell did not claim that he had satisfied R.C. 2969.25(A). The Fourth District held that Russell had not satisfied R.C. 2969.25(A) and granted DRC's motion to dismiss.

{¶ 5} Russell has appealed to this court as of right.

## Analysis

{¶ 6} On appeal, Russell does not dispute that he failed to comply with R.C. 2969.25(A). But he contends that DRC waived the issue by failing to raise it in the Tenth District. In support of this argument, Russell relies on the well-settled rule that a party may not raise an argument for the first time on appeal. That principle does not help Russell, however, because the Fourth District adjudicated Russell's petition as an original action, not on appeal. When the Fourth District ordered DRC to respond to Russell's petition, the litigation was still at its earliest stage. Russell provides no support for the proposition that DRC could not assert a meritorious defense in a Civ.R. 12(B)(6) motion under those circumstances.

{¶ 7} The Fourth District was right to dismiss Russell's petition for failing to comply with R.C. 2969.25(A), which requires an inmate commencing a civil action in the court of appeals against a government entity to file an affidavit that contains "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The statute requires the case descriptions to include

(1) [a] brief description of the nature of the civil action or appeal;

(2) [t]he case name, case number, and the court in which the civil action or appeal was brought;

(3) [t]he name of each party to the civil action or appeal; [and]

(4) [t]he outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of

record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A).

{¶ 8} Along with his petition, Russell filed an affidavit listing six civil actions he had filed within the previous five years, but he did not identify the courts in which the cases were brought, the names of all the parties, or the outcomes of the cases. "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. Because Russell did not strictly comply with R.C. 2969.25(A), the Fourth District correctly dismissed his petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Mark R. Russell, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for appellee.

_____