[Cite as *State ex rel. Steele v. Foley*, 2020-Ohio-5128.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. TRACEE STEELE

    Petitioner

        v.

KEITH FOLEY, WARDEN

    Respondent

C.A. No.     20CA011675

ORIGINAL ACTION IN
HABEAS CORPUS

Dated:  November 2, 2020

---

PER CURIAM.

{¶1}    Tracee Steele has petitioned this Court for a writ of habeas corpus to order Warden Keith Foley to release him from custody.  Warden Foley has moved to dismiss because Mr. Steele previously raised the same claim in this Court and in the Ohio Supreme Court, so res judicata bars further consideration.  Mr. Steele responded to the motion to dismiss.  Because Mr. Steele failed to comply with the mandatory requirements of R.C. 2969.25(A), this Court must dismiss this case.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  Warden Foley is a government employee and Mr. Steele, incarcerated in the Grafton Reintegration Center, is an inmate.  R.C. 2969.21(C) and (D).  A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*,

106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Steele failed to comply with R.C. 2969.25(A) which requires the filing of an affidavit of prior civil actions including specific, mandatory, information. The affidavit must contain a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain the case name, the case number, the court in which the case was filed, the name of each party, a brief description of the nature of the action or appeal, and the outcome. R.C. 2969.25(A)(1) through (4).

{¶4} Mr. Steele filed an affidavit of prior civil actions. He used a form that contained the following language:

1. In the previous five years, I have/have not filed any civil actions or appeals of a civil action in state or federal court;

2. During the last five years, I have/have not filed any civil actions, and no civil actions have been filed during the last three years.

Although it appears the form was intended for the affiant to select or somehow indicate "have" or "have not" in each sentence, nothing was circled or crossed out. Mr. Steele also typed the name of one case after each of these sentences:

State ex rel. Steele v. Eppinger, 147 Ohio St.3d 404 (Habeas Corpus)

State ex rel. Steele v. McClelland, 154 Ohio St. 3d 574. (Prohibition / Mandamus (Sic.)

{¶5} Mr. Steele's affidavit of prior civil actions failed to comply with the mandatory requirements of R.C. 2969.25(A). Although the affidavit identified the case name, and

parenthetically noted the first case involved habeas corpus and the second sought prohibition and mandamus relief, Mr. Steele did not comply with the other requirements of R.C. 2969.25(A). He failed to indicate the court in which the case was brought, the case number, the name of each party, a brief description of the nature of the action, and the outcome. R.C. 2969.25(A)(1) through (4).

{¶6} The Supreme Court has held that "[c]ompliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *Robinson v. Fender*, 159 Ohio St.3d 99, 2020-Ohio-458, quoting *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. The "statute requires strict compliance." *Id.* Where the affidavit of prior actions does not provide all of the information required by R.C. 2969.25, the statute requires dismissal. *State ex rel. Ware v. Walsh*, 159 Ohio St.3d 120, 2020-Ohio-769, ¶ 4 (dismissal required where the affidavit of prior actions did "not provide any information describing the outcome of the actions as required by R.C. 2969.25(A)(4).").

{¶7} Because Mr. Steele did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Steele. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TRACEE STEELE, Pro se, Petitioner.

DAVE YOST, Ohio Attorney General, and DANIEL J. BENOIT, Associate Assistant Attorney General, for Respondent.