[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steele v. Foley*, Slip Opinion No. 2021-Ohio-2073.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2073

THE STATE EX REL. STEELE, APPELLANT, *v*. FOLEY, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steele v. Foley*, Slip Opinion No. 2021-Ohio-2073.]

*Habeas corpus—R.C. 2969.25—Compliance with R.C. 2969.25(A) is mandatory, and failure to comply with the statute warrants dismissal of the complaint— Court of appeals' judgment of dismissal affirmed.*

(No. 2020-1504—Submitted March 30, 2021—Decided June 24, 2021.)

APPEAL from the Court of Appeals for Lorain County,

No. 20CA011675, 2020-Ohio-5128.

_____

**Per Curiam.**

{¶ 1} Appellant, Tracee Steele, appeals the decision of the Ninth District Court of Appeals dismissing his petition for a writ of habeas corpus against Keith Foley, warden of the Grafton Correctional Institution. We affirm.

*Background*

{¶ 2} In 2006, Steele was indicted in two separate indictments on multiple counts of gross sexual imposition and kidnapping arising from the same facts. On the state's motion during trial, the court dismissed the first indictment. Steele then pleaded guilty to five counts of gross sexual imposition, and the court sentenced him to an aggregate prison term of 15 years.

{¶ 3} On August 28, 2020, Steele filed a petition for a writ of habeas corpus in the Ninth District Court of Appeals. Steele alleged that once the state dismissed the first indictment, he could not be tried on the duplicative counts in the same proceeding. In other words, he argued that the state was required to seek a new indictment before he could be tried.

{¶ 4} On November 2, 2020, the court of appeals granted Warden Foley's motion to dismiss because Steele had failed to attach a proper affidavit describing his prior civil actions, as required by R.C. 2969.25(A). Steele filed a motion for reconsideration, which was denied.

{¶ 5} Steele timely appealed.

*Legal analysis*

{¶ 6} We review de novo a court of appeals' dismissal of a habeas corpus petition. *State ex rel. Hunley v. Wainwright*, __ Ohio St.3d __, 2021-Ohio-803, __N.E.3d __, ¶ 19.

{¶ 7} An inmate who files a habeas corpus petition in the court of appeals must attach an affidavit listing all federal and state civil actions and appeals of civil actions he has filed in the previous five years. R.C. 2969.25(A); *State ex rel. Dixon v. Bowerman*, 156 Ohio St.3d 317, 2019-Ohio-716, 126 N.E.3d 1086, ¶ 4. R.C. 2969.25(A) requires "strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6. Noncompliance with this requirement is fatal and provides a sufficient basis for

2

dismissing a petition. *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶ 8} The affidavit must include "[a] brief description of the nature of the civil action or appeal," the case name, case number, and the court in which the case or appeal was brought, the name of each party, and the outcome of the case. R.C. 2969.25(A)(1) through (4). Steele's affidavit provided only the following information:

> *State ex rel. Steele v. Eppinger*, 147 Ohio St.3d 404 (Habeas Corpus)
>
> *State ex rel. Steele v. McClelland*, 154 Ohio St.3d 574 (Prohibition/Mandamus)

The court of appeals concluded that this information was insufficient to satisfy R.C. 2969.25(A). We agree.

{¶ 9} Steele's affidavit failed to identify the parties to the two civil actions, the courts in which those cases were filed, the case numbers, or the outcome of each case. These omissions require dismissal of his complaint. *See State ex rel. Ware v. Walsh*, 159 Ohio St.3d 120, 2020-Ohio-769, 148 N.E.3d 554, ¶ 3-4; *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 312, 2020-Ohio-4788, 162 N.E.3d 800, ¶ 8.

{¶ 10} On appeal, Steele does not claim to have complied with R.C. 2969.25(A). His merit brief suggests that "the Constitutional issues [he raises] outweigh the procedural default of R.C. 2969.25." But Steele does not develop this argument or cite any case law suggesting that a court may excuse noncompliance with R.C. 2969.25 in cases presenting constitutional issues.

{¶ 11} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Tracee Steele, pro se.

Dave Yost, Attorney General, and Daniel J. Benoit, Assistant Attorney General, for appellee.

_____