[Cite as *State ex rel. Chapman v. Gallagher*, 2023-Ohio-379.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.,
LITRELL CHAPMAN,                          :

     Relator,                           :

                                No. 112156

     v.                                 :

JUDGE HOLLIE GALLAGHER,                    :

     Respondent.                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** February 8, 2023

---

Writ of Mandamus
Motion No. 560390
Order No. 561623

---

### *Appearances:*

Litrell Chapman, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Litrell Chapman, the relator, has filed a complaint for a writ of mandamus. Chapman seeks an order from this court that requires Judge Hollie Gallagher, the respondent, to issue a final appealable order in *State v. Chapman*,

Cuyahoga C.P. No. CR-96-345622(A). We decline to issue a writ of mandamus because the request to require Judge Gallagher to issue a final appealable order is moot and the complaint for mandamus fails to comply with R.C. 2969.25(C).

{¶ 2} Attached to Judge Gallagher's motion for summary judgment are copies of judgment entries, journalized December 5, 2022, that indicate Judge Gallagher "re-sentenced" Chapman. The journal entries set forth: (1) the sentencing journal entry, journalized July 12, 2017, is vacated; (2) Chapman is resentenced; (3) the counts and specifications of which Chapman was convicted; (4) the sentence imposed by Judge Gallagher for each count and specification; (5) Judge Gallagher's signature; and (6) time stamp, by the clerk of courts, indicating entry upon the journal. Judge Gallagher has issued a sentencing journal entry that complies with Crim.R. 32(C) and R.C. 2505.02. *See also State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 63. Chapman's request for a writ of mandamus is thus moot, and any errors of law contained in the resentencing entries are subject to appeal. *State ex rel. Allen v. Goulding*, 156 Ohio St.3d 337, 2019-Ohio-858, 126 N.E.3d 1104; *State ex rel. Culgan v. Kimbler*, 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88; *State ex rel. Hudson v. Sutula*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798.

{¶ 3} In addition, Chapman's complaint for mandamus is defective. Chapman has failed to comply with R.C. 2969.25(C), which mandates that the complaint contain a statement certified by the institutional cashier setting forth the balance in the inmate's account for the preceding six months of incarceration. *State*

*ex rel. Swopes v. McCormick*, Slip Opinion No. 2022-Ohio-4408; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764. The failure to comply with the mandatory requirements of R.C. 2969.25(C) requires dismissal of the complaint for mandamus. Finally, the failure to comply with R.C. 2969.25(C) cannot be cured by an amended complaint. *State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 312, 2020-Ohio-4788, 162 N.E.3d 800; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581.

{¶ 4} Accordingly, we grant Judge Gallagher's motion for summary judgment. Costs to Chapman. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ denied.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, A.J., and
EMANUELLA D. GROVES, J., CONCUR