**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Westerfield v. Bracy*, **Slip Opinion No. 2023-Ohio-499.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-499

WESTERFIELD, APPELLANT, *v*. BRACY, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Westerfield v. Bracy*, Slip Opinion No. 2023-Ohio-499.]**

*Habeas corpus—Inmate failed to comply with R.C. 2969.25(A)—Court of appeals' judgment dismissing petition affirmed.*

(No. 2022-0814—Submitted January 10, 2023—Decided February 23, 2023.)

APPEAL from the Court of Appeals for Trumbull County, No. 2022-T-0012, 2022-Ohio-1904.

_____

**Per Curiam.**

{¶ 1} Appellant, Jason L. Westerfield, is imprisoned at Trumbull Correctional Institution, where appellee, Charmaine Bracy, is the warden. Westerfield appeals the Eleventh District Court of Appeals' dismissal of his petition for a writ of habeas corpus. Because Westerfield failed to comply with the mandatory requirements of R.C. 2969.25(A), we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Westerfield was indicted in July 2017 for felonious assault and aggravated robbery (Crawford C.P. case No. 17-CR-0158), and in September 2017 for aggravated burglary (case No. 17-CR-0235). The indictments were consolidated for trial. A jury acquitted Westerfield of all offenses charged in the indictments but found him guilty of the lesser included offense of burglary in case No. 17-CR-0235. The trial court sentenced Westerfield to seven years in prison. The Third District Court of Appeals affirmed the conviction. *State v. Westerfield*, 3d Dist. Crawford No. 3-17-16, 2018-Ohio-2139.

**{¶ 3}** Westerfield filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals in February 2022. He sought immediate release from prison on the ground that "there is no record" of the jury's finding him guilty of burglary in case No. 17-CR-0235. According to Westerfield, the verdict forms from his trial are unsigned and do not have the word "guilty" circled on them. Westerfield therefore contends that his burglary conviction is void and that he is entitled to immediate release.

**{¶ 4}** Bracy filed a motion to dismiss the action under Civ.R. 12(B)(6), arguing that (1) Westerfield's R.C. 2969.25(A) affidavit accompanying his petition is deficient and (2) his claims are not cognizable in habeas corpus. Westerfield opposed the motion. The court of appeals granted Bracy's motion to dismiss, finding that Westerfield could have raised the issue of the jury verdict's validity on direct appeal. Because of that determination, the court of appeals found the issue of Westerfield's R.C. 2969.25(A) affidavit to be moot.

**{¶ 5}** Westerfield appealed to this court as of right.

## ANALYSIS

**{¶ 6}** An inmate who files a habeas corpus petition in the court of appeals must attach an affidavit listing all federal and state civil actions and appeals of civil

actions he has filed in the previous five years. *See* R.C. 2969.25(A); *State ex rel. Dixon v. Bowerman*, 156 Ohio St.3d 317, 2019-Ohio-716, 126 N.E.3d 1086, ¶ 4. R.C. 2969.25(A) requires "strict compliance," and noncompliance with its requirements "is fatal and provides a sufficient basis for dismissing a petition." *State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, ¶ 7. The affidavit must describe the nature of the civil action or appeal and include the case name, case number, and the court in which the case or appeal was brought, the name of each party, and the outcome of the case. R.C. 2969.25(A)(1) through (4).

{¶ 7} The court of appeals did not reach the issue of Westerfield's compliance with R.C. 2969.25(A), finding that "[its] substantive ruling regarding [Bracy's] motion to dismiss render[ed] this [alleged] deficiency moot." 2022-Ohio-1904, ¶ 10. On appeal, Bracy reprises the R.C. 2969.25(A) argument as a basis for affirming the court of appeals' dismissal of Westerfield's habeas petition. Because the court of appeals did not reach the issue, Westerfield argues that we should not reach it in this appeal. But Bracy may properly assert grounds not ruled on by the court of appeals as an alternative basis for affirmance. *See Couchot v. State Lottery Comm.*, 74 Ohio St.3d 417, 423, 659 N.E.2d 1225 (1996). Therefore, we consider whether Westerfield's R.C. 2969.25(A) affidavit is deficient.

{¶ 8} Westerfield listed two civil actions in his R.C. 2969.25(A) affidavit, which he described as follows:

> On November 12, 2018, I filed a Petition for Writ of Habeas Corpus to the federal court in Ohio. The case number is 1:19 CV 1733.
>
> On July 14, 2020, I filed a civil claim in the Court of Claims of Ohio, Case No. 2020-00036AD.

This disclosure is deficient because Westerfield did not name the parties or reveal the outcomes of the cases. *See* R.C. 2969.25(A)(3) and (4). Thus, Westerfield's affidavit does not strictly comply with the statute.

{¶ 9} Moreover, by Westerfield's own admission, he did not list two other federal habeas corpus actions he had filed within the past five years. After Bracy noted this deficiency in her motion to dismiss, Westerfield asked the court to apply the rule of lenity to the issue of noncompliance, explaining that he had voluntarily dismissed the omitted cases and did not realize he still needed to list them on his R.C. 2969.25(A) affidavit. But R.C. 2969.25(A) requires "strict compliance," *Steele*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, at ¶ 7, and the statute contains no exception for cases that an inmate has voluntarily dismissed. An affidavit that lists some, but not all, prior actions does not comply with R.C. 2969.25(A). *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6.

{¶ 10} For these reasons, Westerfield's R.C. 2969.25(A) affidavit is deficient, making his habeas petition subject to dismissal. Accordingly, we affirm the Eleventh District Court of Appeals' judgment on this basis and need not reach the issue whether Westerfield's petition states a viable claim for relief in habeas corpus.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, BRUNNER, and DETERS, JJ., concur.

STEWART, J., concurs in judgment only.

————————————

Jason L. Westerfield, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney

General, for appellee.

———————