[Cite as *Hogan v. Black*, 2023-Ohio-1527.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

TREMAIN HOGAN

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.    23CA011940

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 8, 2023

PER CURIAM.

{¶1} Tremain Hogan has filed a petition for writ of habeas corpus to compel Respondent, Warden Jennifer Black, to release him from custody. Warden Black moved to dismiss and Mr. Hogan responded in opposition. For the following reasons, this Court grants the Warden's motion and dismisses the petition.

{¶2} Warden Black moved to dismiss, in part, because Mr. Hogan failed to comply with the mandatory requirements of R.C. 2969.25. This provision sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Black is a government employee and Mr. Hogan, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an

inmate's action to dismissal."). In this case, Mr. Hogan failed to comply with the requirements to file an affidavit of prior civil actions or appeals he filed in the previous five years and to file a statement of his prisoner trust account for the six months preceding the filing of his action.

*Affidavit of Prior Civil Actions*

**{¶3}** An inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). The affidavit must include a "brief description of the nature of the civil action. R.C. 2969.25(A)(1). It must also include the "case name, case number, and the court in which the civil action was brought," R.C. 2969.25(A)(2), and the "name of each party to the civil action or appeal[.]" R.C. 2969.25(A)(3). Finally, the affidavit must set forth the "outcome of the civil action or appeal[.]" R.C. 2969.25(A)(4).

**{¶4}** Mr. Hogan filed an affidavit of prior actions along with his petition. The affidavit of prior civil actions is incomplete, however. Although it lists three cases, by case number and the court where the action was filed, it fails to identify any parties or case names for the actions. "Noncompliance with this requirement is fatal and provides a sufficient basis for dismissing a petition." *State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, ¶ 7.

**{¶5}** In her motion to dismiss, the Warden asserted that no affidavit was included because a copy of the affidavit was not attached to the copy of the petition served on her. According to the docket, however, the affidavit was filed on the same date as the petition but docketed separately from the petition. Mr. Hogan filed a response to the motion to dismiss, argued that attachments were included with the petition, and attached a copy of the petition and attachments, which he described as "the same petition and is correctly filed."

{¶6} In that response, Mr. Hogan submitted a copy of the affidavit he claimed he filed with his petition. The copy is identical, except that additional information has been added to it. It appears Mr. Hogan attempted to add party names, or some partial names of defendants, to the three cases listed on the affidavit. Mr. Hogan also added a fourth case to the list of prior civil actions or appeals, without a case name or party names. He added this additional information to a copy of the previously-notarized affidavit which he had previously filed with his petition.

{¶7} Mr. Hogan's affidavit of civil actions or appeals filed with his petition did not include all of the required information. His later attempt to add additional information, including a new case with incomplete information, could not correct the deficiencies. Strict compliance with R.C. 2969.25(A) is mandatory, and failure to comply requires dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Correction*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Accordingly, this Court concludes that Mr. Hogan failed to file an affidavit of civil actions or appeals in compliance with R.C. 2969.25(A) warranting dismissal of this action.

*Statement of Prisoner Trust Account*

{¶8} Mr. Hogan did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Hogan did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Correction*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6. Instead, Mr. Hogan filed a statement that included the balance of his account for one month, not for each month for the six-month period preceding the filing of his petition. Although the statement of the prisoner trust account acknowledged that it covered a period of less than six months, it only provided the

balance for the most recent month. This does not comply with the requirements of R.C. 2969.25(C), and failure to comply subjects the action to dismissal. *Roden* at ¶ 7.

{¶9} R.C. 2969.25(C) does not permit substantial compliance. *Id.* at ¶ 8. The Supreme Court has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *Id.*

*Conclusion*

{¶10} Mr. Hogan failed to comply with the mandatory requirements of R.C. 2969.25. He filed an incomplete affidavit of prior civil actions or appeals and statement of his prisoner trust account. Accordingly, this Court must dismiss this action.

{¶11} Because Mr. Hogan did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Hogan.

{¶12} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

TREMAIN HOGAN, Pro se, Petitioner.

DAVE YOST, Attorney General, and STEPHANIE L. WATSON, Assistant Attorney General, for Respondent.