[Cite as *Morris v. Keith*, **2024-Ohio-1143**.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Leon A. Morris, Sr., | : | |
| Relator, | : | |
| v. | : | No. 23AP-150 |
| Karl Keith, Montgomery County Auditor et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 26, 2024

**On brief:** *Leon A. Morris*, *Sr.*, pro se.

**On brief:** *Mathias H. Heck*, *Jr.*, Montgomery County Prosecuting Attorney, and *Nathaniel S. Peterson*, for respondents.

IN MANDAMUS

JAMISON, J.

{¶ 1} Relator, Leon A. Morris, Sr., commenced this original action seeking a writ of mandamus ordering respondents, Karl Keith, Montgomery County Auditor; B. Joyce, assistant warden; L. Shuler, inspector; M. Vanbuskirk, assoc. warden; Timothy Barrs, parole officer; Isabella Guzman, SB Administrator; Carolyn Rice, Montgomery County Treasurer; and Michael Carvajal, Director of B.O.P., to comply with his public records request pursuant to R.C. 149.43.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate

determined that relator failed to submit either a cashier's statement that fully complied with R.C. 2969.25(C), or an affidavit of prior civil actions that fully complied with R.C. 2969.25(A). The magistrate further found relator failed to follow R.C. 2731.04 by not naming the state of Ohio on the relation in his petition, and by not seeking leave to amend his complaint to name the state of Ohio. Accordingly, the magistrate recommended this court dismiss this action, sua sponte, due to the lack of subject-matter jurisdiction. Relator has not filed an objection to the magistrate's decision.

{¶ 3} Upon review, we find there is no error of law or other defect evident on the face of the magistrate's decision. *See* Civ.R. 53(D)(3)(b)(4)(c). Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we sua sponte dismiss this action.

*Case dismissed.*

MENTEL, P.J., and BOGGS, J., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Leon A. Morris, Sr., | : | |
| Relator, | : | |
| v. | : | No. 23AP-150 |
| Karl Keith, Montgomery County Auditor et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 18, 2023

*Leon A. Morris*, *Sr.*, pro se.

*Mathias H. Heck*, *Jr.*, Prosecuting Attorney, and *Nathaniel S. Peterson*, for respondents.

IN MANDAMUS
ON MOTIONS

{¶ 4} Relator, Leon A. Morris, Sr., has commenced this original action seeking a writ of mandamus ordering respondents, Karl Keith, Montgomery County Auditor; B. Joyce, assistant warden; L. Shuler, inspector; M. Vanbuskirk, assoc. warden; Timothy Barrs, parole officer; Isabella Guzman, SB Administrator; Carolyn Rice, Montgomery County Treasurer; and Michael Carvajal, Director of B.O.P., to comply with his public records request pursuant to R.C. 149.43.

Findings of Fact:

{¶ 5}   1. At the time of the filing of his petition, relator was an inmate incarcerated at North Central Correctional Institution.

{¶ 6}   2. On March 7, 2023, relator filed the instant mandamus action in his own name asking this court to order the respondents to comply with his public records request.

{¶ 7}   3. At the time relator filed his petition for writ of mandamus, relator filed the following: (1) a motion to proceed in forma pauperis, to which he attached an inmate financial statement showing a running balance of his inmate account; (2) a notarized affidavit of indigency, which provided his account balance, total state pay, average monthly state pay, total funds received from all sources, and total amount spent in the commissary for the preceding six months; and (3) a notarized affidavit of prior civil actions for the proceeding five years, which listed seven cases with associated case numbers and the lead defendant's name, followed by "et al."

{¶ 8}   4. Relator and several respondents subsequently filed a number of motions, the specifics of which are not pertinent to the present decision.

Conclusions of Law:

{¶ 9}   The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25.

> R.C. 2969.25 provides, in pertinent part:
>
> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25 (A)(1) through (4) and (C)(1) and (2).

{¶ 10} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 11} In the present case, a review of relator's affidavit filed with his petition in mandamus reveals that relator has failed to file an affidavit of prior actions that contains all of the information required by R.C. 2969.25(A). Relator's affidavit of prior actions does

not comply with the requirement in R.C. 2969.25(A)(1) that the affidavit contain a brief description of the nature of the civil action. *See, e.g., State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 6-11 (dismissal of mandamus action appropriate when the affidavit indicated the general type of action filed in most of the cases, *e.g.*, original action in mandamus or writ of habeas corpus, but it did not actually describe the nature of the actions, such as describing that the cases are original actions in mandamus to compel compliance with a public records request or to compel the judge to vacate relator's guilty pleas to the offense of murder). Relator's affidavit contains no description of the nature of his prior actions, even less than what was found insufficient in *Bey*. Relator provides only partial case names and case numbers in his affidavit, which is clearly deficient under the requirements in R.C. 2969.25(A)(1).

{¶ 12} Furthermore, the affidavit in the present case does not include the court in which the actions were brought, as required by R.C. 2969.25(A)(2); the name of each party, as required by R.C. 2969.25(A)(3); or the outcome of the actions, as required by R.C. 2969.25(A)(4). Therefore, dismissal of relator's action is also warranted on these bases. *See State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 312, 2020-Ohio-4788, ¶ 8 (affidavit was deficient because it did not identify the courts in which the cases were brought or the names of all of the parties); *Taylor v. Harris*, 159 Ohio St.3d 564, 2020-Ohio-1046, ¶ 10 (although the inmate filed an affidavit listing the civil actions that he had filed in the previous five years, the failure to provide the courts in which they were brought and the outcome of each case, as well as other deficiencies, rendered the petition fatally defective under R.C. 2969.25(A)); *Bey* at ¶ 9 (affidavit wholly deficient because it was missing the name of the opposing party in the cases listed).

{¶ 13} Relator also failed to file a cashier's statement with the information required by R.C. 2969.25. Relator did not file a statement of his prisoner account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Instead, using form DRC 2257, the institutional cashier provided the following: "Account Balance as of 02/17/2023"; "Total state pay credited for the report period"; "Average monthly state pay for the report period"; "Total funds received from all sources, excluding state pay, for the report period"; and "Total amount spent in inmate's commissary during the same period." None of these amounts set forth the balance in

relator's inmate account for each of the preceding six months. The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, relator's failure to comply with R.C. 2969.25(C) requires dismissal. Even if the provided amounts could be used to calculate a six-month monthly average, the cashier's statement would be insufficient. *See State ex rel. Guyton v. Jones*, 9th Dist. No. 29893, 2021-Ohio-430, ¶ 4 (although inmate's statement from the prison cashier provides a six-month average, it does not provide the balance in the inmate account for each of the six months preceding his petition before the court; R.C. 2969.25(C) does not permit substantial compliance); *State ex rel. Cleavenger v. O'Brien*, 9th Dist. No. 29723, 2020-Ohio-3010, ¶ 4 (although inmate's affidavit provides his total deposits, average monthly deposit, and average first-day balance, it does not provide the balance in the inmate account for each of the six months preceding his petition before this court; thus, it does not comply with R.C. 2969.25(C)); *State ex rel. Clark v. Serrott*, 10th Dist. No. 16AP-411, 2017-Ohio-1139, ¶ 12 (document purporting to show the average deposits and balances for the preceding six months does not comply with R.C. 2969.25(C)).

{¶ 14} In addition, R.C. 2731.04 provides that an "[a]pplication for the writ of mandamus must be * * * in the name of the state on the relation of the person applying." Although the failure to name the State of Ohio on the relation in a petition is grounds for dismissal, *see Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 35-36, a relator may seek leave to amend the complaint to comply with R.C. 2731.04. *Id.* Here, relator did not follow R.C. 2731.04 when he failed to name the State of Ohio on the relation in his petition, and relator has not sought leave to amend his complaint to name the State of Ohio on the relation of relator.

{¶ 15} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25 and 2731.04, this court should sua sponte dismiss relator's complaint for writ of mandamus. All pending motions are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.