**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cotten v. Frederick*, **Slip Opinion No. 2024-Ohio-3250.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3250

COTTEN, APPELLANT, *v*. FREDERICK, WARDEN, APPELLEE.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cotten v. Frederick*, Slip Opinion No. 2024-Ohio-3250.]**

*Habeas corpus—Appellant was incarcerated under a valid sentence of life imprisonment—Court of appeals' dismissal of complaint affirmed.*

(No. 2023-1503—Submitted July 9, 2024—Decided August 29, 2024.)

APPEAL from the Court of Appeals for Marion County, No. 9-23-44.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

_____

1. Cotten's complaint named Harold May, then the warden of the Marion Correctional Institution, as respondent. George Frederick has replaced May as the warden there and is automatically substituted for May as appellee in this case. *See* S.Ct.Prac.R. 4.06(B).

**Per Curiam.**

{¶ 1} Appellant, Prince Charles Cotten Sr., also known as Charles D. Cotton, was convicted of aggravated murder in 1976 and sentenced to death. *See State v. Cotton*, 56 Ohio St.2d 8, 10 (1978). This court later commuted his sentence to life imprisonment after the United States Supreme Court declared Ohio's then-existing death-penalty statute unconstitutional in *Lockett v. Ohio*, 438 U.S. 586, 608-609 (1978). *Cotton* at 14.

{¶ 2} In this case, Cotten appeals the Third District Court of Appeals' dismissal of his complaint for a writ of habeas corpus. Cotten has also filed a motion to strike documents attached to the warden's merit brief. We affirm the court of appeals' judgment and deny Cotten's motion to strike.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} In 1976, a three-judge trial court found Cotten guilty of aggravated murder with specifications for killing a police officer while attempting to escape apprehension for another offense. *See Cotton* at 9-10. Cotten was sentenced to death. *Id.* at 10. On appeal, this court modified Cotten's sentence to life imprisonment after the United States Supreme Court declared Ohio's death-penalty statute unconstitutional. *Id.* at 13-14, citing *Lockett* and *Bell v. Ohio*, 438 U.S. 637 (1978).

{¶ 4} In July 2023, Cotten, who is incarcerated at the Marion Correctional Institution, filed a complaint for a writ of habeas corpus in the court of appeals. Relying on *Lockett*, Cotten sought an order discharging him from the Ohio prison system on the basis that he was convicted under "an unconstitutional statute." The warden filed a motion to dismiss Cotten's complaint for failure to state a valid claim for habeas relief. Among other arguments, the warden contended that Cotten did not show entitlement to release because (1) his life sentence had not expired and (2) he did not challenge the jurisdiction of the sentencing court.

**{¶ 5}** The court of appeals granted the warden's motion to dismiss. Because Cotten was in prison "by virtue of a judgment of a court of record that had jurisdiction to issue the judgment" and his life sentence had not expired, the court concluded that a writ of habeas corpus could not issue. No. 9-23-44 (3d Dist. Oct. 23, 2023). Cotten appealed to this court as of right.

## MOTION TO STRIKE

**{¶ 6}** Cotten has filed a motion to strike documents attached to the warden's merit brief, namely, a 2003 petition for a writ of habeas corpus filed by Cotten in the Madison County Court of Common Pleas, the respondent's motion to dismiss it, and the Twelfth District Court of Appeals' opinion affirming the dismissal of the petition. Cotten's 2003 petition had advanced the same rationale for relief that Cotten advances here. The warden used these exhibits to support an argument that Cotten's habeas petition below was barred by the law of the case and res judicata. Cotten moves to strike these exhibits on the basis that they were not before the court of appeals.[2]

**{¶ 7}** This court is capable of deciding issues properly before it without striking matters submitted with an appellee's brief. *See State v. Apanovitch*, 2018-Ohio-4744, ¶ 19, fn. 3. The court of appeals did not rely on law of the case or res judicata as a basis for dismissing Cotten's habeas complaint, so we need not reach the warden's argument on those issues. We therefore deny the motion to strike.

## ANALYSIS

**{¶ 8}** This court reviews de novo a court of appeals' dismissal of a habeas corpus petition. *State ex rel. Steele v. Foley*, 2021-Ohio-2073, ¶ 6. Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 2016-Ohio-

---

2. Cotten's motion also asks for a "peremptory writ of mandamus." It is not clear what Cotten is seeking with this request. In any event, no mandamus claim is properly before the court; Cotten's complaint sought only a writ of habeas corpus.

1093, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8.

{¶ 9} Cotten contends that he is unlawfully imprisoned because he was originally sentenced to death in 1976 under a statute that the United States Supreme Court declared unconstitutional. Even though this court commuted Cotten's sentence to life imprisonment in 1978, Cotten contends that his indictment, trial, and conviction are unconstitutional "fruit from the poisonous tree." In essence, Cotten's theory is that his life sentence is illegal and that he should have instead been released after Ohio's death penalty was declared unconstitutional in 1978.

{¶ 10} At bottom, Cotten is arguing that a life sentence has been erroneously imposed. However, sentencing errors are not jurisdictional and therefore not remediable in habeas corpus. *State ex rel. O'Neal v. Bunting*, 2014-Ohio-4037, ¶ 13. This is true even for sentences that are alleged to be unconstitutional. *See State ex rel. Shackleford v. Moore*, 2007-Ohio-6462, ¶ 6. Accordingly, Cotten's claim that his life sentence is illegal is not cognizable in habeas corpus.

{¶ 11} Cotten also argues that his sentence is invalidly imposed because Crim.R. 32 and R.C. 2929.06(A) require a three-judge trial court to resentence him. Crim.R. 32(A) requires a trial court to impose sentence "without unnecessary delay." Crim.R. 32(C) directs the court to then issue a valid judgment of conviction. And R.C. 2929.06(A) requires a resentencing hearing in the trial court when a death sentence is vacated upon a state or federal court's holding statutory procedures for imposing the death penalty unconstitutional. Because neither Crim.R. 32 nor R.C. 2929.06(A) was followed, Cotten contends that no court of competent jurisdiction has sentenced him to prison.

{¶ 12} Even if we characterize the commutation of Cotten's death sentence to life in prison as a resentencing, Cotten's argument fails. Crim.R. 32 does not apply, because the Rules of Criminal Procedure are inapplicable to cases on appeal.

*See* Crim.R. 1(C); *see also Johnson v. Mitchell*, 85 Ohio St.3d 123, 124 (1999). Thus, the rule was inapplicable to this court's decision to commute Cotten's death sentence when it reviewed his conviction on appeal. And as for R.C. 2929.06, that statute did not become effective until 1981, some three years *after* this court commuted Cotten's sentence. *See* former R.C. 2929.06, 139 Ohio Laws, Part I, 1, 18-19. Accordingly, when his death sentence was vacated, Cotten had no statutory right to be resentenced by a three-judge trial court. *Johnson* at 124.

{¶ 13} Nevertheless, Cotten asserts that *this* court lacked jurisdiction to commute his sentence to life imprisonment. A writ of habeas corpus is a proper remedy "when the sentencing court patently and unambiguously lacked subject-matter jurisdiction." *See State ex rel. King v. Watson*, 2023-Ohio-4189, ¶ 13. But even construing Cotten's argument as attacking this court's jurisdiction, affirmance of the court of appeals' judgment of dismissal is still proper. This court has appellate jurisdiction to review, affirm, reverse, vacate, or modify the lower court's judgment on appeal. *See* Ohio Const., former art. IV, section 2(B)(2)(a)(ii) (which conferred appellate jurisdiction as a matter of right over cases from the court of appeals in which the death penalty was affirmed);[3] *Roberts v. Montgomery*, 117 Ohio St. 400, 404 (1927) (describing the appellate jurisdiction conferred by the Ohio Constitution on the supreme court and courts of appeals). Accordingly, to the extent Cotten is attacking this court's jurisdiction to modify his sentence to life imprisonment, the argument is without merit.

## CONCLUSION

{¶ 14} The Third District Court of Appeals correctly dismissed Cotten's habeas corpus action because he is incarcerated under a valid sentence of life

---

3. In November 1994, the Ohio Constitution was amended to provide this court with direct appellate review of cases in which the death penalty was imposed. *See* Sub.H.J.Res. No. 15, 145 Ohio Laws, Part IV, 7811 and Ohio Const., art. IV, § (B)(2)(c).

imprisonment. We affirm the court of appeals' judgment and deny Cotten's motion to strike.

Judgment affirmed.

————————————

Prince Charles Cotten Sr., pro se.

Dave Yost, Attorney General, and Lisa K. Browning, Assistant Attorney General, for appellee.

————————————