[Cite as *State ex rel. Folley v. Foley*, 2023-Ohio-4465.]

STATE OF OHIO            )
                         )ss:
COUNTY OF LORAIN         )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE EX REL. DEREK FOLLEY

    Relator

    v.

KEITH J. FOLEY, WARDEN

    Respondent

C.A. No. 23CA012041

ORIGINAL ACTION IN HABEAS CORPUS

Dated: December 11, 2023

---

PER CURIAM.

{¶1} Relator, Derek Folley, has petitioned this Court for a writ of habeas corpus. Respondent, Warden Keith Foley, has moved to dismiss pursuant to Civ.R. 12(B)(6). Because Mr. Folley did not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Foley is a government employee, and Mr. Folley, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}    Mr. Folley failed to comply with R.C. 2969.25(A).  That section requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  For each action or appeal, the affidavit must contain specific information:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(1) through (4).

{¶4}    Mr. Folley filed a document captioned "The Petitioner's O.R.C. 2969.25 Affidavit of Inmate Prior Action" along with his petition.  The affidavit failed to comply with the requirements of R.C. 2969.25(A).  For example, several cases are identified with a case caption noting "et al." after the name of the defendant in the caption, but Mr. Folley failed to include the name or names of the additional defendants.  R.C. 2969.25(A)(3).  For other cases, Mr. Folley failed to identify the nature of the action or appeal.  R.C. 2969.25(A)(1).  Mr. Folley also failed to include the outcome of every case.  R.C. 2969.25(A)(4).

{¶5}    Since he filed his initial affidavit of prior civil actions, Mr. Folley has filed at least two more documents captioned as a "Nunc Pro Tunc," "First Amendment," or "Second Amendment" to his affidavit of prior actions.  These additional filings add cases that were omitted

from the initial affidavit or prior civil actions. Even if these documents complied with R.C. 2969.25(A), Mr. Folley filed them too late. An inmate must comply with the requirements of R.C. 2969.25 at the time of filing and later filings are not permitted to correct deficiencies. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4.

{¶6} "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, Slip Opinion No. 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3. Strict compliance with the language of the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *Id*. A deficient affidavit requires dismissal of the action. *Id.*

{¶7} Mr. Folley's affidavit failed to include information that, pursuant to R.C. 2969.25(A), must be included. Because Mr. Folley's affidavit did not comply with the mandatory requirements of the statute, the case must be dismissed.

{¶8} This case is dismissed. Costs taxed to Mr. Folley. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

DEREK FOLLEY, Pro Se, Relator.

DAVE YOST, Ohio Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent.