[Cite as *State ex rel. Castellon v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-972.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Estephen Castellon,      :

      Relator,      :

                                    No. 23AP-565

v.      :

                           (REGULAR CALENDAR)

Ohio Department of Rehabilitation
and Correction,      :

      Respondent.      :

                       :

D E C I S I O N

Rendered on March 20, 2025

**On brief:** *Estephen Castellon*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

MENTEL, J.

{¶ 1} Relator, Estephen Castellon, filed this original action seeking a writ of mandamus ordering respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), to apply the jail-time credit calculation pursuant to a judgment filed in the Cuyahoga County Court of Common Pleas. ODRC filed a motion to dismiss, arguing that the affidavit Mr. Castellon filed with his complaint failed to comply with the requirements of R.C. 2969.25.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate has concluded that Mr. Castellon's

affidavit complies with several of the grounds of noncompliance asserted by ODRC, but fails to comply with the requirement under R.C. 2969.25(A)(3) to state "[t]he name of each party to the civil action or appeal" in the affidavit's disclosure of all litigation commenced by Mr. Castellon during the last five years.

{¶ 3} Mr. Castellon filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed). We agree with the magistrate's conclusion that Mr. Castellon's affidavit failed to disclose all parties to the case he filed as discussed in the magistrate's decision, and reject the assertion made by Mr. Castellon in his response to ODRC's motion that "et al." is a proper substitute for a named party under R.C. 2969.25(A)(3). *E.g.*, *State ex rel. Folley v. Foley*, 9th Dist. No. 23CA012041, 2023-Ohio-4465, ¶ 4 (dismissing inmate's habeas corpus action for failure to comply with R.C. 2969.25(A), in part because "several cases are identified with a case caption noting 'et al.' after the name of the defendant in the caption, but [the inmate] failed to include the name or names of the additional defendants"). Failure to comply with R.C. 2969.25(A) requires dismissal of this action. Accordingly, we adopt the decision of the magistrate, ODRC's motion to dismiss, and dismiss Mr. Castellon's complaint for a writ of mandamus.

*Motion granted*; *complaint dismissed*.

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Estephen Castellon, | : | |
| Relator, | : | |
| v. | : | No. 23AP-565 |
| [Ohio Department of Rehabilitation and Correction], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 18, 2024

*Estephen Castellon*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Estephen Castellon, has commenced this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to issue 407 days of jail-time credit plus transportation time and change his out date instanter. ODRC has filed a motion to dismiss based upon relator's noncompliance with R.C. 2969.25.

Findings of Fact:

{¶ 5}   1. Relator is an inmate incarcerated at Richland Correctional Institution.

{¶ 6}   2. On September 22, 2023, relator filed the instant mandamus action asking this court to order respondent to issue 407 days of jail-time credit plus transportation time and change his out date instanter.

{¶ 7}   3. Relator attached to his petition for writ of mandamus a notarized affidavit of prior civil actions for the preceding five years, in which he listed three cases and the following information regarding each case:

> State ex rel. Castellon v. Gallagher, 2023-Ohio-2964, 2023 Ohio App. LEXIS 2935, 2023 WL 5447352 (Ohio Ct. App., Cuyahoga County August 22, 2023)
>
> (1) Writ of *procedendo* compelling Judge Gallagher to rule on Motion to Correct Jail-time Credit pending on her docket for 8 months.
> (2) State ex rel. Castellon vs. Gallagher . . . Case No. 112967, Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County.
> (3) Castellon (Relator) Judge Gallagher (Respondent).
> (4) Dismissed as Moot. (Judge Gallagher ruled on Motion during the litigation of *procedendo*).
>
> Unpublished
>
> (1) Federal *habeas corpus* ((pending))
> (2) CASTELLON *vs.* JAY FORSHEY, WARDEN, Case No. 1:20-CV-00940-JRK, United States District Court Northern District of Ohio Eastern Division.
> (3) Castellon (Petitioner) Warden Jay Forshey (Respondent).
> (4) Petition pending . . .
>
> Castellon v. Hinkle, 2023 U.S. Dist. LEXIS 137539, 2023 WL 5011304 (S.D. Ohio August 7, 2023)
>
> (1) Civil action against Noble Correctional Institution staff et al., for First Amendment violations regarding legal mail . . .
> (2) Castellon *vs.* Hinkle . . . Case No. 2:20-cv-6420, United States District Court for the Southern District of Ohio, Eastern Division.

**On appeal Sixth Circuit Case No. 22-4011**

(3) Castellon (Plaintiff). Hinkle, Chambers Smith et al., (Defendants).
(4) Appeal pending in 6th Cir. The Dist. Court held an appeal to be "objectively frivolous."

{¶ 8}    4. On October 23, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), asserting that relator failed to comply with the requirements of R.C. 2969.25.

{¶ 9}    5. On November 14, 2023, relator filed a reply to respondent's motion to dismiss.

Conclusions of Law:

{¶ 10}  The magistrate recommends that this court grant ODRC's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25.

R.C. 2969.25 (A)(1) through (4) provides, in pertinent part:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of

court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 11} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 12} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 13} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are

made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 14} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 15} In the present case, ODRC asserts that relator's affidavit of prior civil actions fails to comply with R.C. 2969.25(A) in several respects. ODRC first asserts that, with respect to the *Forshey* case, relator's affidavit indicates that the case is still pending, which it claims is incorrect because the court dismissed the petition on September 19, 2023, and

relator had sufficient time to verify his affidavit of disclosure prior to filing the present case on September 22, 2023. However, relator's affidavit of prior civil actions was notarized on September 14, 2023, and he filed his petition on September 22, 2023. Given the proximity in time between the notarization of the affidavit, the dismissal in *Forshey*, and relator's filing of his petition in the present case, ODRC has failed to demonstrate that relator had notice of the filing of the September 19, 2023, dismissal prior to the filing of his current petition on September 22, 2023. Therefore, the magistrate finds relator did not fail to comply with R.C. 2969.25(A), in this respect.

{¶ 16} ODRC next argues that relator indicates in his affidavit only that the *Hinkle* case was a civil action, which it claims is insufficient because it was a 42 USC §1983 action alleging interference with access to courts and unconstitutional institutional mail policies, and it also involved a request for injunctive relief. The magistrate disagrees. Relator averred not only that *Hinkle* was a civil action, but he also indicated that he filed the action against Noble Correctional Institution staff (Hinkle); the case concerned First Amendment violations regarding legal mail; the case number was 2:20-cv-6420; it was filed in the United States District Court for the Southern District of Ohio, Eastern Division; he appealed the decision to the Sixth Circuit; the appellate case number was 22-4011; and the appellate case was still pending. Furthermore, relator averred that the District Court ruled that an appeal would be "objectively frivolous," which relator quotes from the final decision rendered in *Castellon v. Hinkle*, S.D.Ohio No. 2:20-cv-6420, 2023 U.S. Dist. LEXIS 137539 (Aug. 7, 2023). R.C. 2969.25(A) requires a brief description of the nature of the civil action or appeal, the case name, the case number, the court in which the civil action or appeal was brought, the name of each party to the civil action or appeal, and the outcome of the civil

action or appeal. Relator provided this information in his affidavit. Therefore, this argument is without merit.

{¶ 17} ODRC next argues that relator's affidavit did not comply with R.C. 2969.25(A) because, although relator lists a case "Castellon (Plaintiff). Hinkle, Chambers Smith et al., (Defendants)," this description insufficiently identifies the action and outcome of the case, and it is not clear whether this case is another case or relates to the other listed *Hinkle* case. However, it is apparent from the text and numbering in relator's affidavit that this case is an appeal of the *Hinkle* case. Relator indicates in the affidavit that Hinkle is a defendant, *Hinkle* is "[o]n appeal Sixth Circuit Case No. 22-4011," and an "[a]ppeal [is] pending in 6th Cir." The factual summary in *Castellon v. Hinkle*, S.D.Ohio No. 2:20-cv-6420, 2023 U.S. Dist. LEXIS 137539 (Aug. 7, 2023) confirms that relator appealed *Hinkle* on December 2, 2022. A decision in that appeal (case number 22-4011) was not filed until October 6, 2023, which was after relator filed the present action; thus, relator's affidavit accurately reflected the appellate case number and that an appeal was pending at the time of the affidavit. See *Castellon v. Hinkle*, 6th Cir. No. 22-4011, 2023 U.S. App. LEXIS 26767 (Oct. 6, 2023). Therefore, relator's affidavit complied with R.C. 2969.25(A), in this respect, and respondent's argument is without merit.

{¶ 18} ODRC's final argument is that, in the *Hinkle* case, relator failed to fully identify the names of all defendants, insomuch as relator indicates "et al." for the defendants when the complaint also listed John/Jane Doe as defendants. The magistrate agrees. While relator accurately indicated that the lead defendant in the case was Hinkle, he failed to indicate that he also named three John/Jane Does as defendants. Although ODRC has failed to provide any authority for the proposition that an R.C. 2969.25(A)(3) requires that unnamed John/Jane Doe defendants must be included in the affidavit, and

the magistrate can find none, it is well-established the requirements for compliance with R.C. 2969.25 are stringent. "The affidavit of prior actions must strictly comply with R.C. 2969.25(A)'s dictates." *State ex rel. Parker v. Ohio Adult Parole Auth.*, 10th Dist. No. 22AP-752, 2023-Ohio-2558, ¶ 10, citing *Westerfield v. Bracy*, 171 Ohio St.3d 803, 2023-Ohio-499, ¶ 6, citing *State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, ¶ 7. A statutorily compliant affidavit of prior actions is therefore " 'an essential component of what an inmate-plaintiff must file to commence a civil action against a public employee or entity.' " *Id.* at ¶ 11, quoting *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19. R.C. 2969.25(A)(3) requires the affidavit of prior actions list " 'the name of ***each party*** to the civil action or appeal.' " *Id.* at ¶ 13 (emphasis in *Parker*). "Merely listing some parties (e.g., those mentioned in the case caption) does not constitute strict compliance with that provision." *Id.* citing *Bey* at ¶ 13. Therefore, indicating "et al." in the affidavit instead of listing all of the defendants named in the complaint is insufficient to comply with R.C. 2969.25(A). *Parker* at ¶ 31; *State ex rel. Folley v. Foley*, 9th Dist. No. 23CA012041, 2023-Ohio-4465, ¶ 4.

{¶ 19} In the present case, relator's failure to list the John/Jane Doe defendants in his affidavit is more than just a mere technical failure. It is apparent from the proceedings in federal court that relator believed there were other governmental employees at ODRC besides the named defendant who were responsible for violating his constitutional rights by interfering with his access to the courts, and he sought, albeit unsuccessfully, to specifically name these three defendants in amended complaints. Furthermore, the federal district court and federal appellate circuit court also specifically addressed the claims raised against the John/Jane Doe defendants in relator's complaint. In *Castellon v. Hinkle*, S.D.Ohio No. 2:20-cv-6420, 2021 U.S. Dist. LEXIS 102920 (May 24, 2021) (magistrate

judge's order and report and recommendation), relator filed a motion to amend his complaint to include three specific employees of ODRC, along with service documents for the three new defendants, which the magistrate judge denied because relator failed to set forth any facts specifically alleging that these new defendants were personally involved in any violation of relator's constitutional rights. The magistrate judge noted that the denial of the motion to amend complaint was without prejudice to relator's ability to seek additional leave to amend within 30 days of the date of any order ruling on the report and recommendation if he wished to pursue claims against these three defendants. In *Castellon v. Hinkle*, S.D.Ohio No. 2:20-cv-6420, 2022 U.S. Dist. LEXIS 16486 (Jan. 31, 2022) (opinion and order), in addressing relator's objections to the magistrate judge's order and report and recommendation, the court noted that relator had filed another motion to amend, which the court denied because relator again failed to plead any specific facts to establish personal involvement by the proposed new defendants. In *Castellon v. Hinkle*, S.D.Ohio No. 2:20-cv-6420, 2022 U.S. Dist. LEXIS 140240 (Aug. 5, 2022) (magistrate judge's report and recommendation and order), the magistrate judge addressed relator's claims against the three John/Jane Doe defendants in their individual and official capacities and found that they must be dismissed because relator failed to allege their personal involvement in the processing of relator's mail giving rise to the complaint. Furthermore, relator again attempted to amend his complaint, presumably to name the three specific defendants, but the court denied his motion. Upon relator's objections, in *Castellon v. Hinkle*, S.D.Ohio No. 2:20-cv-6420, 2022 U.S. Dist. LEXIS 206771 (Nov. 14, 2022) (opinion and order), the judge affirmed the magistrate judge's dismissal of the claims against the John/Jane Doe defendants. Upon relator's appeal, in *Castellon v. Hinkle*, 6th Cir. No. 22-4011, 2023 U.S. App. LEXIS 26767 (Oct. 6, 2023), the appellate court addressed

the claims against the John/Jane Doe defendants and affirmed the district court's dismissal of the claims against those defendants. Therefore, it is clear from the proceedings in federal court that the three John/Jane Doe defendants were governmental employees whom relator believed were responsible for constitutional rights violations, and the federal courts proceeded to address the claims against these John/Jane Doe defendants. Given the strict nature of review under R.C. 2969.25(A) and a plain reading of the requirement thereunder that the affidavit include the name of "each party" to the civil action or appeal, the magistrate finds that relator's affidavit of prior civil actions does not comply with the requirements of R.C. 2969.25(A)(3).

{¶ 20} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25, this court should grant ODRC's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.